IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Thomas Hamilton, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No. 14 C 2274 |
| Convergent Outsourcing, a Washington corporation, | ) ) ) ) | |
|     Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Thomas Hamilton, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Thomas Hamilton ("Hamilton"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt that he allegedly owed for a T-Mobile account.

4. Defendant, Convergent Outsourcing, Inc. ("Convergent"), is a Washington corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Convergent was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Convergent is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois.

6. Defendant Convergent is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. On October 18, 2013, Mr. Hamilton and his wife filed a Chapter 7 bankruptcy petition in a matter styled In re: Hamilton, N.D. Ill. Bankr. No. 13-40954. Among the debts listed on Schedule F of Mr. Hamilton's bankruptcy petition was a debt he allegedly owed for a T-Mobile account, see, excerpt of bankruptcy petition attached as Exhibit C.

8. Accordingly, on October 22, 2013, T-Mobile was sent, via electronic transmission, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, which is attached as Exhibit D.

9. Moreover, on February 4, 2014, Mr. Hamilton's received a discharge from his debts and T-Mobile was sent notice of same, via electronic transmission on February 5, 2014, see, the Certificate of Service to the Discharge of Debtor, which is attached as Exhibit E.

10. Nonetheless, Defendant Convergent sent Mr. Hamilton a collection letter, dated February 10, 2014, demanding payment of the T-Mobile debt he had owed prior to the bankruptcy. A copy of this collection letter is attached as Exhibit F.

11. All of Defendant Convergent's collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

15. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

3

16.     Defendant Convergent's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19.     Here, the bankruptcy and the notices issued by that court (Exhibits D and E) gave Defendant notice to cease communications and cease collections. By communicating regarding this debt and demanding payment (Exhibit F), Defendant violated § 1692c(c) of the FDCPA.

20.     Defendant Convergent's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692c(a)(2) Of The FDCPA –
## Communicating With A Consumer Represented By Counsel

21.     Plaintiff adopts and realleges ¶¶ 1-12.

22.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is

4

represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

23. T-Mobile was given notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with this debt. Moreover, Plaintiff's bankruptcy was a matter of public record in the files of the bankruptcy court and was listed on his credit report. Accordingly, Defendant knew or should have known that Plaintiff was represented by counsel before it sent out the collection letter.

24. By sending a debt collection letter directly to Mr. Hamilton Defendant violated § 1692c(a)(2) of the FDCPA.

25. Defendant Convergent's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Thomas Hamilton, prays that this Court:

1. Find that Defendant Convergent's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Hamilton, and against Defendant, for actual and statutory damages;

3. Award Plaintiff his costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Thomas Hamilton, demands trial by jury.

                                       Thomas Hamilton,

                                       By:/s/ David J. Philipps
                                       One of Plaintiff's Attorneys

Dated: March 31, 2014

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com